UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELVIN CASTRO,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | No. 3:19-cv-00120 (MPS) |

**RULING ON THE PLAINTIFF'S MOTION TO REVERSE OR REMAND AND THE DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

In this appeal from the Social Security Commissioner's denial of benefits, plaintiff Melvin Castro argues that the Administrative Law Judge (ALJ)[1] failed to: (1) develop the record; (2) obtain opinion evidence; (3) make proper weight assignments to opinion evidence; (4) secure testimony from a medical expert as to Mr. Castro's impairments; and (5) properly formulate Mr. Castro's Residual Functional Capacity ("RFC").  ECF No. 15-1 at 2.  I agree with Mr. Castro's third argument and remand the case to the Commissioner.

I assume familiarity with Mr. Castro's medical history, as summarized in Plaintiff's Statement of Facts, ECF Nos. 15-1 at 2-6; 15-2, which the Commissioner "incorporates by reference," ECF No. 22-1 at 3, and which I adopt and incorporate herein by reference.  I also assume familiarity with the ALJ's opinion, the record, and the five sequential steps used in the analysis of disability claims.  I cite only those portions of the record and the legal standards necessary to explain this ruling.

---

[1] The ALJ's decision became the Commissioner's final decision after the Appeals Council declined to review it.  20 C.F.R. §§ 404.981, 416.1481 (2020); *see also Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996) ("if the Appeals Council denies review, the ALJ's decision becomes the Secretary's final decision.").

**I. Standard of Review**

"A district court reviewing a final . . . decision pursuant to . . . 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, a district court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court's function is to "first decide whether [the agency] applied the correct legal principles in making the determination[,] . . . then decide whether the determination is supported by 'substantial evidence.'" *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). If the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982). The Second Circuit has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citation and quotation marks omitted). Substantial evidence must be "more than a mere scintilla or a touch of proof here and there in the record." *Id.*

**II. Discussion**

Mr. Castro argues that the Commissioner failed to comply with the treating physician rule in his analysis of Dr. Stelman's February 2016 medical source statement. ECF No. 15-1 at 10-12. I agree.

The analysis under the treating physician rule follows a two-step process. "First, the ALJ must decide whether the opinion is entitled to controlling weight." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). "[T]he opinion of a claimant's treating physician as to the nature and

2

severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (citing 20 C.F.R. § 404.1527(d)(2)) (second brackets in original). "Second, if the ALJ decides the opinion is not entitled to controlling weight, [he] must determine how much weight, if any, to give it." *Estrella*, 925 F.3d at 95. "In doing so, [the ALJ] must 'explicitly consider' the following, non-exclusive '*Burgess* factors': '(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.'" *Id.* at 95-96 (citations omitted). After considering these factors, the ALJ must "comprehensively set forth his reasons for the weight assigned to a treating physician's opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (internal citations, quotation marks, and alterations omitted). At both steps, "the ALJ must 'give good reasons in [his] notice of determination or decision for the weight [he gives the] treating source's [medical] opinion." *Estrella*, 925 F.3d at 96 (citation and internal quotation marks omitted).

An ALJ's failure to "explicitly" apply the *Burgess* factors is a "procedural error." *Id.* If the "Commissioner has not [otherwise] provided 'good reasons' for [the] weight assignment," the appropriate remedy is remand for the ALJ to "comprehensively set forth [his] reasons." *Id.*; *see also Guerra v. Saul*, 778 Fed. Appx. 75, 77 (2d Cir. 2019) ("To put it simply, a reviewing Court should remand for failure to explicitly consider the *Burgess* factors unless a searching review of the record shows that the ALJ has provided 'good reasons' for its weight assessment.").

As an initial matter, I find that the treating physician rule applies here because Mr. Castro filed his claim on February 4, 2016—before the agency's regulations governing the treatment of opinions from treating physicians changed on March 27, 2017.  *See* 20 C.F.R. §§ 404.1527, 416.927 (rules governing the agency's "evaluat[ion] [of] opinion evidence for claims filed before March 27, 2017" for disability insurance and supplement security income claims); *Claudio v. Berryhill*, No. 3:17CV1228(MPS), 2018 WL 3455409, at *3 n.2 (D. Conn. July 18, 2018) ("Since [the plaintiff] filed her claim before March 27, 2017, I apply the treating physician rule under the earlier regulations.").  In addition, the ALJ recognized, and the Commissioner does not contest, that Dr. Stelman is a "treating physician" for Mr. Castro.  Transcript ("Tr.") 968 ("The record reveals that the claimant receives ongoing primary medical care from Milla Stelman, M.D.  It appears Dr. Stelman evaluates the claimant every three months (C9F; C12F)."); *see also* 20 C.F.R. § 404.1527(a)(2) (2020) ("Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. . . .").  In his decision, the ALJ briefly commented on Dr. Stelman's treatment records, dated November 25, 2013 to February 17, 2016 (C9F), and November 17, 2016 (C12F), noting that "Dr. Stelman's treatment records do not contain significant evidence of secondary limitations associated with the claimant's allegations of low back pain."  Tr. 968.  The ALJ concluded the discussion of Dr. Stelman's treatment records as follows: "Between February 2015 and November 2016, the claimant continued to complain of back pain and gait abnormalities; however, the claimant's contemporaneous physical examinations revealed normal range of motion of the neck and musculoskeletal system and normal reflexes.  Dr. Stelman even encouraged the claimant to engage in aerobic exercise."

Tr. 968 (citations omitted). The ALJ provided no further discussion of Dr. Stelman or her records with respect to the issue of back pain.

The ALJ did not discuss Dr. Stelman's February 25, 2016 medical source statement. *See* Tr. 31-34. In it, Dr. Stelman stated that she has treated Mr. Castro every three to fourth months over a 10-year period. Tr. 31. Dr. Stelman also provided her opinion of Mr. Castro's functional limitations, including that: (1) he can walk one city block without rest or severe pain, Tr. 32; (2) he can sit for 30 minutes before needing to get up, *id.*; (3) he can stand for 5 minutes before needing to sit down, walk around, etc., *id.*; (3) in an 8 hour day, he can stand/walk for less than 2 hours and sit for about 4 hours, *id.*; (4) he needs a cane or other hand-held assistive device while engaging in occasional standing/walking due to pain, Tr. 33; (5) he can rarely lift less than 10 pounds and never lift more than that, *id.*; (6) he can never twist, stoop, crouch, or climb stairs or ladders, *id.*; (7) he would need to take unscheduled breaks every two hours as a result of his back pain, *id.* at 32; (8) he is likely to be "off task" 25 percent of more of a typical workday, Tr. 34; (9) he is incapable of even "low stress" work because "patient is in pain all day", *id.*; (10) he is likely to be absent from full-time work more than four days per month, *id.*; and (11) Mr. Castro's "impairments . . . as demonstrated by signs, clinical findings and laboratory test results [are] *reasonably consistent* with the symptoms and functional limitations described . . . in this evaluation[,]" *id.* (emphasis in original). In a footnote, Mr. Castro explained that:

> Dr. Stelman's medical source statement is dated February 25, 2016 but it is not listed in the list of exhibits in the ALJ's decision (Tr. 975-76). It also does not have an exhibit number assigned to it . . . . This report may have been in the unexhibited "case documents" folder to which the ALJ had access, but to which exhibit numbers are not assigned. It is not clear if the ALJ saw this medical source statement.

*Id.* at 10 n.1. The Commissioner responds by arguing that Dr. Stelman's opinion was not before the ALJ because it was not sent to the agency until after the ALJ issued his decision. ECF No.

22-1 at 6-7. As evidence, the Commissioner asserts that the June 7, 2018 fax line at the top of Dr. Stelman's opinion reflects the date it was actually sent to the agency—two months after the ALJ's April 10, 2018 decision. *Id.*; Tr. 31-34. The Appeals Council's decision supports this assertion. It states: "You submitted new evidence dated February 26, 2016 from Milla Stelman, M.D. (4 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." ECF No. 24-1 at 2. Because the plaintiff has not provided actual evidence suggesting otherwise, I find that Dr. Stelman's February 2016 opinion was not before the ALJ, and therefore the ALJ could not have erred by not considering evidence that was not before him. Nevertheless, because I find that the Appeals Council erred by summarily dismissing Dr. Stelman's opinion without providing "good reasons" as required under the treating physician rule, remand to the agency for further proceedings is required.

After the ALJ issues its decision, the Appeals Council will review a case if, among other conditions, it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5) (2020). "New evidence is any evidence that has not been considered previously during the administrative process[,]" *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010), and is "not merely cumulative of what is already in the record . . . [,]" *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir.1988). "Evidence is material if it is (i) relevant to the time period for which benefits have been denied and (ii) probative, meaning it provides a reasonable probability that the new evidence would have influenced the Commissioner to decide the claimant's application differently." *McIntire*, 809 F. Supp. 2d at 21 (citing *Tirado*, 842 F.2d at 597). However, the

6

Appeals Council "will only consider additional evidence under paragraph (a)(5) . . . if [the claimant] show[s] good cause for not informing [the SSA] about or submitting the evidence . . ." within 5 days of the hearing before the ALJ as required under section 404.935(a). 20 C.F.R. §§ 404.970(b), 416.1470(b). "Good cause" under subsection (b) exists where:

> (1) Our [the agency's] action misled you;
>
> (2) You [the claimant] had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>
>> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>>
>> (ii) There was a death or serious illness in your immediate family;
>>
>> (iii) Important records were destroyed or damaged by fire or other accidental cause;
>>
>> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing; or
>>
>> (v) You received a hearing level decision on the record and the Appeals Council reviewed your decision.

*Id.* If the claimant "submit[s] additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision . . . [,]" or if the "Appeals Council does not find you had good cause for missing the deadline to submit the evidence . . . , the Appeals Council will send [the claimant] a notice that explains why it did not accept the additional evidence and advise[] [the claimant] of [his or her] right to file a new application. . . ." *Id.* §§ 404.970(c), 416.1470(c).

First, I find that Dr. Stelman's medical source statement was properly in the record before the Appeals Council when it denied Mr. Castro's request for review, and is therefore part of the

7

administrative record and encompassed in my review of Mr. Castro's appeal and the Commissioner's denial of his application. *See Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) ("[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision."). As a result, the Appeals Council had an obligation either to (1) consider, and explain in writing, Dr. Stelman's opinion under the treating physician rule, *see Shrack v. Astrue*, 608 F. Supp. 2d 297, 302 (D. Conn. 2009) ("Importantly, the treating physician rule applies to the Appeals Council when the new evidence at issue reflects the findings and opinions of a treating physician.") (citing *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)), or (2) to explain "why it did not accept the additional evidence . . .", 20 C.F.R. §§ 404.970(b)-(c), 416.1470(b)-(c), if it found that the evidence either does not relate to the relevant time period, or was submitted late and without "good cause".

Second, the Appeals Council's cursory explanation regarding Dr. Stelman's opinion, to the extent it provides any explanation, is limited to the second prong of the regulation's materiality standard for new evidence. As noted above, the Appeals Council's only statement regarding Dr. Stelman's opinion was that it "does not show a reasonable probability that it would change the outcome of the [ALJ's] decision." ECF No. 24-1 at 2. The Appeals Council did not reject Dr. Stelman's opinion as: (1) not "new" or otherwise cumulative; (2) inapplicable to the relevant time period; or (3) late evidence submitted without "good cause". *See* 20 C.F.R. §§ 404.970(a)(5)-(b), 416.1470(a)(5)-(b). As such, the only remaining issue I need decide is whether the Appeals Council's single sentence rejecting Dr. Stelman's medical source statement meets the legal standard under the treating physician rule. *See Jones v. Astrue*, 647 F.3d 350, 356 (D.C. Cir. 2011) ("For our purposes . . . it is sufficient that the ALJ did not say this and

8

certainly did not explain it. The treating physician rule requires an explanation by the SSA, not the court.") (citing, *inter alia*, *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] simple but fundamental rule of administrative law . . . is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.")); *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983) ("the propriety of agency action must be evaluated on the basis of stated reasons."). It does not.

The treating physician rule requires much more from the agency. The Appeals Council rejected Mr. Castro's request for review, stating generally that "We found no reason under our rules to review the [ALJ's] decision. Therefore, we have denied your request for your review." ECF No. 24-1 at 1. With respect to the new evidence received from Dr. Stelman, the Appeals Council stated that "[w]e find this evidence does not show a reasonable probability that it would change the outcome of the decision." ECF No. 24-1 at 2. Courts in the Second Circuit consistently have rejected such cursory language as insufficient, where, as here, a claimant submits new evidence from a treating physician to the Appeals Council but the Council denies the claimant's request for review. *See, e.g.*, *Lesterhuis v. Colvin*, 805 F.3d 83, 88 (2d Cir. 2015) (per curiam) (remanding to the agency because the ALJ's decision was not supported by substantial evidence where new evidence from the claimant's treating physician was first submitted to the Appeals Council and summarily rejected, and the treating physician's opinion was "(1) generally entitled to controlling weight, (2) likely dispositive on the issue of disability (if entitled to controlling weight), and (3) uncontroverted by other evidence in the record."); *Oshea v. Saul*, No. 3:19CV00232(SALM), 2020 WL 2374935, at *6 (D. Conn. Mar. 30, 2020) (finding remand necessary where the Appeals Council failed to discuss the reasons why it

rejected the treating physician's opinion); *Fridie v. Comm'r of Soc. Sec.*, No. 16-CV-09042 (JGK), 2018 WL 1478133, at *11 (S.D.N.Y. Mar. 23, 2018) ("When new material evidence is submitted that supports the opinion of a treating physician whose opinion the ALJ discounted, it is error for the Appeals Council not to review a case, and simply to adopt the opinion of the ALJ, without providing good reasons for the weight it assigned to the treating physician in light of the new evidence."); *Flagg v. Colvin*, No. 5:12CV00644(GTS)(VEB), 2013 WL 4504454 at *7 (N.D.N.Y. Aug. 22, 2013) (explaining that remand for reconsideration of new medical evidence is required where the Appeals Council's failure to provide good reasons for discounting a treating physician's opinion frustrates meaningful review); *Wright v. Astrue*, No. 11-CV-6226T, 2012 WL 2339269, at *5 (W.D.N.Y. June 19, 2012) ("It is legal error for the Appeals Council to accept additional information from a treating physician and then dismiss it without explanation."); *McIntire*, 809 F. Supp. 2d at 23 (remand is required where the Appeals Council receives evidence that is "new and material" in the form of a treating physician opinion and fails "to give good reasons for the weight it assigned to" that opinion).

Third, the ALJ's reliance on the *absence* of any opinion from a treating physician in assigning weight to other, non-treating physician opinions in the record, had Dr. Stelman's opinion been before the ALJ, suggests that the Appeals Council's error was not harmless and that there might well have been a "reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In assigning "great evidentiary weight" to the opinion evidence from Dr. Schaffzin and Dr. Weisberg—both of whom are state agency medical consultants who never personally examined Mr. Castro—the ALJ specifically noted that "the record does not contain a treating source opinion or other medical opinion to contradict the State agency medical consultant's findings or corroborate the

10

claimant's allegations." Tr. 969. Opinion evidence from reviewers, such as that from Doctors Schaffzin and Weisberg, is generally entitled to less weight than the opinions of treating physicians or other acceptable medical sources who have examined the claimant in-person. 20 C.F.R. § 404.1527(d)(2); *see also* Frank Bloch, *Bloch on Social Security* § 5:7 ("As a general rule, a hierarchy has evolved whereby decreasing weight is accorded to competent reports by physicians in the following order: treating physicians, consulting physicians, and non-examining medical consultants."). Likewise, in justifying giving only "modest weight" to the opinion of the only other medical doctor to evaluate Mr. Castro's physical functional limitations in-person—Dr. Reiher (a consultative examiner)—the ALJ specifically noted that Dr. Reiher "is the only medical source that found the claimant's use of a cane to be medically necessary for weight bearing and balance. . . . [N]o other treating source documented the necessity of the claimant's cane." Tr. 969. But, as the Defendant acknowledged, Dr. Stelman *is* a treating source and *did* find a cane to be medically necessary. ECF No. 22-1 at 6. Had Dr. Stelman's opinion been before the ALJ, he may have given more weight to Dr. Reiher's findings which included, for example, that: "The claimant uses a cane for assistive device for weightbearing and balance. In my opinion, it is medically necessary." Tr. 769.

Further, as noted above, Dr. Stelman's opinion contained a number of functional limitations that, if accepted, would—according to uncontroverted testimony by the vocational expert at Mr. Castro's hearing before the ALJ—result in finding Mr. Castro disabled. *See* Vocational Expert Testimony, Tr. 266-67 (claimants who are a fall risk even with a cane precluded from competitive full-time employment); Tr. 267 (no full-time employment if someone is unable to sit, stand or walk eight hours total either due to pain or fatigue or shortness of breath); Tr. 267 ("If someone were absent two or more days a month on an unscheduled basis

11

or were off-task more than 10 percent of a workday it's very unlikely they would be unable [sic] to maintain their employment."). Dr. Stelman's opinion found that Mr. Castro (1) needs a cane or other hand-held assistive device while engaging in occasional standing/walking due to pain, Tr. 33; (2) can only sit, stand or walk for less than 6 hours in an 8 hour day, Tr. 32; (3) is likely to be "off task" 25 percent of more of a typical workday, Tr. 34; and (4) is likely to be absent from work more than four days per month, Tr. 34. The latter three functional limitations would be dispositive as to whether Mr. Castro is disabled based on the vocational expert's testimony. Dr. Stelman's opinion that a cane is medically necessary may also be sufficient for such a finding, though it is not clear whether Dr. Stelman would consider Mr. Castro to be a "fall risk" as described by the vocational expert. Tr. 266-67.

Although the Commissioner asserts that any error regarding the ALJ's finding with respect to Mr. Castro's cane use would be harmless, ECF No. 22-1 at 7, one could not make the same argument as to the other three functional limitations listed here. Indeed, the parties have not identified substantial evidence in the record that contradicts Dr. Stelman's findings regarding Mr. Castro's incidence of absence from, or his required "off task" time during, full-time work. *See Lesterhuis*, 805 F.3d at 88 (holding that the ALJ's decision was not supported by substantial evidence where the claimant (1) submitted new evidence from a treating physician to the Appeals Council; (2) that opinion indicated that the claimant would be absent from work more than four days per month; (3) uncontroverted testimony from the vocational expert at the claimant's hearing indicated that missing four days of work per month would preclude the claimant's ability to perform any jobs available in the national economy; and (4) the parties did not identify evidence in the record contradicting the treating physician's opinion regarding the claimant's rate of absence from work). Thus, I cannot conclude that application of the correct

legal standard could lead to only one conclusion and remand is necessary. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Remand is unnecessary, however, '[w]here application of the correct legal standard could lead to only one conclusion.'") (citation omitted).

Defendant's arguments that the Commissioner did not err because (1) "the ALJ could not have seen Dr. Stelman's opinion[,]" and (2) even if it were before the ALJ, Dr. Stelman's opinion "would not have altered the ALJ's findings . . ." do not alter the outcome here. First, as discussed above, it makes no difference whether Dr. Stelman's opinion was before the ALJ. The Commissioner was obligated to evaluate Dr. Stelman's opinion under the treating physician rule, acting either through the Appeals Council or the ALJ. That opinion, if it were accepted, would undermine the Commissioner's decision on Mr. Castro's residual functional capacity and the associated available jobs on the national economy. *See* Tr. 965, 970-71. Yet the only explanation in the record regarding the weight assigned to Dr. Stelman's medical source statement is limited to a single sentence from the Appeals Council: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision." ECF No. 24-1 at 2. Such a statement does not constitute "good reasons" under the treating physician rule. The Commissioner's second argument fails as well. Even if the Commissioner is correct that Dr. Stelman's opinion should be assigned less than controlling weight based on alleged inconsistencies with her own treatment records, ECF No. 22-1 at 7 n.5, that finding still must be made by the ALJ or the Appeals Council in the first instance. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Lesterhuis*, 805 F.3d at 88 ("On remand, the ALJ might conclude that [the treating physician's] opinion is not entitled to any weight, much less controlling weight, but that determination should be made by the agency in the first instance, and we should refrain from 'affirm[ing] an administrative action on grounds different from those considered by the

13

agency.'") (citing *Burgess*, 537 F.3d at 128); *Fridie v. Comm'r of Soc. Sec.*, No. 16-CV-09042 (JGK), 2018 WL 1478133, at *9 (S.D.N.Y. Mar. 23, 2018) ("Even if a treating physician's opinion is not afforded controlling weight, the Commissioner applies various factors [under sections 404.1527(c) and 416.927(c)] in determining the weight to give the opinion. Moreover, the Commissioner is required to explain the weight it gives to the opinion of a treating physician.") (citation omitted).

Thus, because the SSA failed to follow the treating physician rule with respect to Dr. Stelman's February 2016 opinion when it denied Mr. Castro's application for benefits, remand for further administrative proceedings consistent with this ruling is required. *Johnson*, 817 F.2d at 986 (remand to the agency is required "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, [and] application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have [his] disability determination made according to the correct legal principles."); *see also McIntire*, 809 F. Supp. 2d at 18 ("The same risk [that a claimant will be deprived of the right to have his disability determination made according to the correct legal principles] exists where there is a reasonable basis for doubt whether the Appeals Council, which also speaks for the Commissioner, applied correct legal principles.").

I do not reach Mr. Castro's other arguments "because upon remand and after a de novo hearing, [the ALJ] shall review this matter in its entirety." *Delgado v. Berryhill*, No. 3:17CV54(JCH), 2018 WL 1316198, at *15 (D. Conn. Mar. 14, 2018) (citation omitted).

**III. Conclusion**

For the reasons set forth above, Mr. Castro's motion to reverse the Commissioner's decision or remand to the agency for a hearing, ECF No. 15, is GRANTED to the extent that the

case is remanded to the Commissioner for a new hearing, and the Commissioner's motion to affirm, ECF No. 22, is DENIED.

    IT IS SO ORDERED.

                                                                             /s/
                                                  Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
                August 28, 2020